IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | **Civil No. WDQ-08-628** |
| v. | * | **Criminal No.: WDQ-04-323** |
| | * | |
| **CHET PAJARDO** | * | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Petitioner Chet Pajardo, by and through counsel Michael E. Lawlor and Andrew R. Szekely, Lawlor & Englert, LLC, files this Supplemental Memorandum of Law in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

There are two aspects to the issue of whether trial counsel provided ineffective assistance to Petitioner on the issue of an appeal. The first aspect, and the one put forward by Petitioner in his *pro se* pleading is the failure of trial counsel to file a notice of appeal after being instructed to do so by Petitioner. The second aspect deals with duty of trial counsel to consult with a client regarding appellate rights.

The United States Court of Appeals for the Fourth Circuit has held "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice appeal even though the defendant may have waived his right to appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th. Cir 2008). If, following the hearing, this Court believes that Petitioner issued an unequivocal instruction to file an appeal, the Petitioner is entitled to file a belated appeal.

The other aspect addresses the situation where no instruction to file an appeal

was given by Petitioner, but trial counsel still acted ineffectively regarding Petitioner's appellate rights.  If the Court were to find that Petitioner did not instruct trial counsel to file an appeal, the Court shifts to a different inquiry.  That inquiry involves the following three issues: (1) Whether trial counsel had an obligation to consult under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); (2) whether trial counsel fulfilled those obligations; and (3) whether Petitioner was prejudiced by trial counsel's failure to fulfill those obligations.  *Poindexter*, 492 F.3d at 273.

Both the issue of whether there was an explicit instruction given to trial counsel to file a notice of appeal and the issue of trial counsel's duty to consult regarding Petitioner's appellate rights are properly before the Court for the evidentiary hearing.  Further, the existence of an appeal waiver in the Petitioner's plea agreement is not a bar to the Court granting Petitioner the right to file a belated notice of appeal.  *Poindexter*, 492 F.3d at 271-73.

        Respectfully,

        __/s_____
Michael E. Lawlor
Andrew Szekely
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland 20770
301.474.3404

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, October 20, 2008, a copy of the foregoing was delivered to the Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland, 21201 via electronic case filing.

                                             ___/s_____
                                             Andrew R. Szekely