IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHET PAJARDO                                    :

   Petitioner                                  :

      v.                                      :   Civil Action No. WDQ-10-1660
                                    Criminal Action No. 04-323

UNITED STATES OF AMERICA              :

   Respondent

o0o


MEMORANDUM

On June 21, 2010, Petitioner filed the above-captioned motion to vacate pursuant to 28

U.S.C. §2255. Paper No. 533. For the reasons that follow, the motion must be dismissed without

prejudice for lack of jurisdiction.

Petitioner filed his first motion to vacate on March 10, 2008. Paper No. 467. The motion

was granted in part on February 13, 2009, and Petitioner was permitted to file a belated appeal.

Paper Nos. 500 and 501. The instant motion, attacking Petitioner's guilty plea, represents a second

or successive §2255 challenge to Petitioner's conviction. As such, the motion may not be considered

absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)&

2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain–(1) newly discovered
> evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish
> by clear and convincing evidence that no reasonable
> fact finder would have found the movant guilty of the
> offense; or (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim unless and until certification is obtained.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

A separate order follows.


June 23, 2010                                          _____/s/_____
Date                                                   William D. Quarles, Jr.
                                                       United States District Judge