```
_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED
```

Clerk of Court
United States District Court
250 W. Pratt Street
Baltimore, MD 21201

JUL 0 2 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

United States of America
V. Criminal Number No. WDQ-04-0323
Mr. Chet Pajardo

Motion to Terminate Supervised Release After Completion of One-Year of Supervision Pursuant to Title 18 U.S.C. & 3583(e)(1)

Mr. Chet Pajardo files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. & 3583(e)(1).

Introduction

The District Court enjoys "broad discretion" when, after "taken into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for the public safety and deterrence, it discharges a defendant's supervised release. See United States v. Jeanes, 150 F. 3d 483, 484 (5th Cir.1998). "These [factors] are largely the same consideration the court must assess when imposing the original sentence."[I] Id.

Title 18 U.S.C. & 3583(e)(1) states that: The court may, after considering the factors set forth in section 3553 (a)(1),(a)(2)(b), (a)(2)(c), (a)(4), (a)(5) and (a)(6). Terminate a term of supervised release... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice.

Claims of injustice or unfairness may be properly evaluate -as one factor among many— under the broad and general directive of & 3583(e)(1)"Jeanes at 4884-485. However, the court must be satisfied that such actions warranted by the conduct of the defendant and in the interest of justice. Id.

As the Supreme Court has noted: [S3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote, that when a court finds that a defendant's conduct and the interest of justice warrant it. The court may 'terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release."
Johnson v. United States 529 U.S. 694,120 S.Ct.370,146I...Ed. 2D 727,738(2000)

Discussion

Mr. Chet Pajardo respectfully asks this court to terminate his supervised release term for his "conduct while on supervised release and in the interest of justice." He has shown exemplary post conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's expressed terms of supervision, including abstaining from drug and alcohol use (as evidenced by his continued clean drug monitoring), fully obeying the law diligently complying with the requirements of the Probation Department. Mr. Pajardo has lived a productive lifestyle by holding steady employment at Changing Lives at Home since May 2016 as well as for 100% Womon Productions since January 2018. He served as a mentor at Mentoring Male Teens in the Hood and currently volunteers with the Peggy Beatrice Foundation. There were no incident reports while serving his sentence as well as no post conviction incidents. None of Mr.Pajardo's probation officers object to him filing an early termination of supervision. Based on receiving the 2 point reduction, Mr. Pajardo's sentence changed from 151 months to 121 months. As a result, allowing Mr. Pajardo to be released immediately without reporting to Volunteers of America.

II.
When evaluating his offense conduct, and criminal history, and potential for further crimes. Mr. Pajardo believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law abiding behavior full compliance withe the conditions of supervision , and responsible, productive lifestyle. See Publication 10. pg.37(1993), U.S. Administrative Office of Courts. See also, Publications 109, Chapter III p. 19-21 (2007 Revision)

Mr. Pajardo met all of the following suggested criteria from the Publication 109 (p.20.)

1. Stable community reintegration (e.g. residence, family, employment);
2. Progressive strides toward supervision objectives and in compliance with all condition supervision;
3. No aggravated role in the offense of conviction, particularly drug or fraud offenses;
4. No convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;
5. No evidence of alcohol or drug use;
6. No psychiatric episodes;
7. No identifiable risk to the safety of any identifiable victim; and
8. No identifiable risk to public safety based on the Risk Prediction Index(RPI).

Conclusion

Wherefore, such premises considered, Mr. Pajardo asks this court to terminate his supervised release term early for the aforementioned reasons.

Dated: 6/25/18

Respectfully Submitted,

Chet Pajardo (Defendant/Pro Se)
21050 Vanowen Street, Apt 422
Woodland Hills, CA 91303
(213) 814-8259

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to all parties pursuant to the Clerk's system on the date of the file-stamped hereon.

Clerk of Court
United States Attorney
United States District Court
250 W. Pratt Street
Baltimore, MD 21201

Chet Pajardo (Defendant/Pro Se)
21050 Vanowen Street, Apt 422
Woodland Hills, CA 91303
(213) 814-8259

FILED ___ ENTERED
LODGED ___ RECEIVED

JUL 02 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Clerk of Court
United States District Court
250 W. Pratt Street
Baltimore, MD 21201

United States of America
V. Criminal Number No. WDQ-04-0323
Mr. Chet Pajardo

Motion to Terminate Supervised Release After Completion of One-Year of Supervision Pursuant to Title 18 U.S.C. & 3583(e)(1)

Mr. Chet Pajardo files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. & 3583(e)(1).

Introduction

The District Court enjoys "broad discretion" when, after "taken into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for the public safety and deterrence, it discharges a defendant's supervised release. See United States v. Jeanes ,150 F. 3d 483, 484 (5th Cir.1998). "These [factors] are largely the same consideration the court must assess when imposing the original sentence."[I] Id.

Title 18 U.S.C. & 3583(e)(1) states that: The court may, after considering the factors set forth in section 3553 (a)(1),(a)(2)(b), (a)(2)(c), (a)(4), (a)(5) and (a)(6). Terminate a term of supervised release… if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice.

Claims of injustice or unfairness may be properly evaluate -as one factor among many— under the broad and general directive of & 3583(e)(1)"Jeanes at 4884-485. However, the court must be satisfied that such actions warranted by the conduct of the defendant and in the interest of justice. Id.

As the Supreme Court has noted: [S3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote, that when a court finds that a defendant's conduct and the interest of justice warrant it. The court may 'terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release."
Johnson v. United States 529 U.S. 694,120 S.Ct.370,146I…Ed. 2D 727,738(2000)

Discussion

Mr. Chet Pajardo respectfully asks this court to terminate his supervised release term for his "conduct while on supervised release and in the interest of justice." He has shown exemplary post conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's expressed terms of supervision, including abstaining from drug and alcohol use (as evidenced by his continued clean drug monitoring), fully obeying the law diligently complying with the requirements of the Probation Department. Mr. Pajardo has lived a productive lifestyle by holding steady employment at Changing Lives at Home since May 2016 as well as for 100% Womon Productions since January 2018. He served as a mentor at Mentoring Male Teens in the Hood and currently volunteers with the Peggy Beatrice Foundation. There were no incident reports while serving his sentence as well as no post conviction incidents. None of Mr.Pajardo's probation officers object to him filing an early termination of supervision. Based on receiving the 2 point reduction, Mr. Pajardo's sentence changed from 151 months to 121 months. As a result, allowing Mr. Pajardo to be released immediately without reporting to Volunteers of America.

II.

When evaluating his offense conduct, and criminal history, and potential for further crimes. Mr. Pajardo believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law abiding behavior full compliance withe the conditions of supervision , and responsible, productive lifestyle. See Publication 10. pg.37(1993), U.S. Administrative Office of Courts. See also, Publications 109, Chapter III p. 19-21 (2007 Revision)

Mr. Pajardo met all of the following suggested criteria from the Publication 109 (p.20.)

1. Stable community reintegration (e.g. residence, family, employment);
2. Progressive strides toward supervision objectives and in compliance with all condition supervision;
3. No aggravated role in the offense of conviction, particularly drug or fraud offenses;
4. No convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;
5. No evidence of alcohol or drug use;
6. No psychiatric episodes;
7. No identifiable risk to the safety of any identifiable victim; and
8. No identifiable risk to public safety based on the Risk Prediction Index(RPI).

Conclusion
Wherefore, such premises considered, Mr. Pajardo asks this court to terminate his supervised release term early for the aforementioned reasons.

Dated: 6/25/2018

Respectfully Submitted,

*[signature]*
Chet Pajardo (Defendant/Pro Se)
21050 Vanowen Street, Apt 422
Woodland Hills, CA 91303
(213) 814-8259

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to all parties pursuant to the Clerk's system on the date of the file-stamped hereon.

Clerk of Court
United States Attorney
United States District Court
250 W. Pratt Street
Baltimore, MD 21201

Chet Pajardo (Defendant/Pro Se)
21050 Vanowen Street, Apt 422
Woodland Hills, CA 91303
(213) 814-8259

Clerk of Court
United States District Court
250 W. Pratt Street
Baltimore, MD 21201

United States of America
V. Criminal Number No. WDQ-04–0323
Mr. Chet Pajardo

Motion to Terminate Supervised Release After Completion of One-Year of Supervision Pursuant to Title 18 U.S.C. & 3583(e)(1)

Mr. Chet Pajardo files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. & 3583(e)(1).

Introduction

The District Court enjoys "broad discretion" when, after "taken into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for the public safety and deterrence, it discharges a defendant's supervised release. See United States v. Jeanes ,150 F. 3d 483, 484 (5th Cir.1998). "These [factors] are largely the same consideration the court must assess when imposing the original sentence."[I] Id.

Title 18 U.S.C. & 3583(e)(1) states that: The court may, after considering the factors set forth in section 3553 (a)(1),(a)(2)(b), (a)(2)(c), (a)(4), (a)(5) and (a)(6). Terminate a term of supervised release... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice.

Claims of injustice or unfairness may be properly evaluate -as one factor among many— under the broad and general directive of & 3583(e)(1)"Jeanes at 4884-485. However, the court must be satisfied that such actions warranted by the conduct of the defendant and in the interest of justice. Id.

As the Supreme Court has noted: [S3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote, that when a court finds that a defendant's conduct and the interest of justice warrant it. The court may 'terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release."
Johnson v. United States 529 U.S. 694,120 S.Ct.370,146I...Ed. 2D 727,738(2000)

Discussion

Mr. Chet Pajardo respectfully asks this court to terminate his supervised release term for his "conduct while on supervised release and in the interest of justice." He has shown exemplary post conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's expressed terms of supervision, including abstaining from drug and alcohol use (as evidenced by his continued clean drug monitoring), fully obeying the law diligently complying with the requirements of the Probation Department. Mr. Pajardo has lived a productive lifestyle by holding steady employment at Changing Lives at Home since May 2016 as well as for 100% Womon Productions since January 2018. He served as a mentor at Mentoring Male Teens in the Hood and currently volunteers with the Peggy Beatrice Foundation. There were no incident reports while serving his sentence as well as no post conviction incidents. None of Mr.Pajardo's probation officers object to him filing an early termination of supervision. Based on receiving the 2 point reduction, Mr. Pajardo's sentence changed from 151 months to 121 months. As a result, allowing Mr. Pajardo to be released immediately without reporting to Volunteers of America.

II.

When evaluating his offense conduct, and criminal history, and potential for further crimes. Mr. Pajardo believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law abiding behavior full compliance withe the conditions of supervision , and responsible, productive lifestyle. See Publication 10. pg.37(1993), U.S. Administrative Office of Courts. See also, Publications 109, Chapter III p. 19-21 (2007 Revision)

Mr. Pajardo met all of the following suggested criteria from the Publication 109 (p.20.)

1. Stable community reintegration (e.g. residence, family, employment);
2. Progressive strides toward supervision objectives and in compliance with all condition supervision;
3. No aggravated role in the offense of conviction, particularly drug or fraud offenses;
4. No convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;
5. No evidence of alcohol or drug use;
6. No psychiatric episodes;
7. No identifiable risk to the safety of any identifiable victim; and
8. No identifiable risk to public safety based on the Risk Prediction Index(RPI).

Conclusion

Wherefore, such premises considered, Mr. Pajardo asks this court to terminate his supervised release term early for the aforementioned reasons.

Dated: 6/25/2018

Respectfully Submitted,

Chet Pajardo (Defendant/Pro Se)
21050 Vanowen Street, Apt 422
Woodland Hills, CA 91303
(213) 814-8259

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to all parties pursuant to the Clerk's system on the date of the file-stamped hereon.

Clerk of Court
United States Attorney
United States District Court
250 W. Pratt Street
Baltimore, MD 21201

Chet Pajardo (Defendant/Pro Se)
21050 Vanowen Street, Apt 422
Woodland Hills, CA 91303
(213) 814-8259

CHET PAJARDO
21050 VanOwen St Apt 422
WoodLand Hills, CA 91303

CERTIFIED MAIL
7018 0680 0001 6532 5114





U.S. POSTAGE PAID
WOODLAND HILLS, CA
91367
JUN 26 18
AMOUNT

Clerk of Court
United States District Court
~~250 W. Pratt Street~~
Baltimore, MD 21201
101 W. Lombard

closed